251 So.2d 627

**Prince MIDDLETON, alias**

v.

**STATE.**

**3 Div. 45.**

Court of Criminal Appeals of Alabama.

Aug. 17, 1971.

Emmett F. Hildreth, Jr., Atmore, for appellant.

MacDonald Gallion, Atty. Gen., and Jasper B. Roberts, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a conviction in the Circuit Court of Escambia County of murder in the first degree with sentence of imprisonment for life.

No motion to exclude the evidence of the State was made and the affirmative charge was not requested. No motion for a new trial was made after the verdict and judgment of the Court.

The jurisdiction of this court is appellate only and on appeal any review is limited to matters upon which action or ruling in the trial court was invoked. Sharp v. State, 21 Ala.App. 262, 107 So. 228; cases collected in Ala.Digest, Criminal Law, ☞1028.

There being no motion for a new trial and no request for the affirmative charge, the sufficiency of the evidence is not presented for the consideration of the court. Mims v. State, 23 Ala.App. 94, 121 So. 446; Ala.Digest, Criminal Law, ☞1028, supra; Dawson v. State, 43 Ala.App. 265, 188 So.2d 600; Johnson v. State, 44 Ala. App. 61, 202 So.2d 169.

However in our search of the record for error as required by the statute, Tit. 15, Sec. 389, Code of Alabama, 1940, we find there is ample evidence to support the verdict of the jury.

The admission into evidence of the confession of appellant was based mainly on the testimony of Chief Holt of the Brewton Police Department. The attorney for appellant examined the officer very thoroughly both on voir dire, out of the presence of the jury and later in court with jury present, on the question of the voluntary character of the confession, the giving of the Miranda warnings and the understanding of the appellant.

The appellant testifying on voir dire, out of the presence of the jury, and later when the jury had been returned to the court room, denied the confession was voluntary and contended he was under duress and in fear of the officers when it was made.

We think, from a study of this record, that the officers participating in the investigation in this case were careful to safeguard the constitutional rights of this appellant, and that under the requirements

of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, his rights were fully protected and in no manner infringed upon. The testimony affords a broad basis for the ruling of the court in this respect. No error resulted in the admission of the confession.

Appellant claims error in the admission into evidence, over objection of two photographs, Exhibits No. 2 and 7.

Exhibit No. 2 was a photograph of the body of the deceased lying on the ground near the back steps of the house, where he was apparently killed by a gunshot wound. The picture appears to be another view of the body as pictured in State's Exhibit No. 1, which was admitted without objection. The ground of objection was that the exhibit (No. 2) was repetitious. Even if this ground of objection is technically good, it appears that no substantial rights of the defendant were probably injuriously affected by the ruling of the court. Rule 45, Rules Supreme Court.

Exhibit No. 7 was a photograph of a section of the back wall of the house with a part of the body of the deceased showing nearby on the ground.

This exhibit showed parts of the house not shown clearly in other exhibits introduced into evidence, and was not repetitious. It tended to shed light on the question of the location of the deceased when he was killed.

The fact that the photograph may be somewhat gruesome is not ground for excluding it from testimony since it tends to shed some light on the manner in which the deceased was killed and the place, as above referred to, both being material issues in the case. Grissett v. State, 241 Ala. 343, 2 So.2d 399; McKee v. State, 33 Ala.App. 171, 31 So.2d 656, cert. denied 249 Ala. 433, 31 So.2d 662.

Since we have found no error of a reversible nature in the record, the judgment in this cause is due to be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by this Court as its opinion.

Affirmed.