253 So.2d 354

**Gerald Edwin TAYLOR**

**v.**

**STATE.**

**6 Div. 181.**

Court of Criminal Appeals of Alabama.

Oct. 5, 1971.

Charles R. Crowder, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a conviction for unlawful sale of marijuana under Code of Alabama, 1940, Recompiled 1958, §§ 256 and 258, Title 22, as amended (pocket parts.) This appellant was sentenced to seven years imprisonment.

The appellant bases his argument for reversal on three propositions, mainly: first, that he was sentenced by the court under Title 22, § 256, as it stood before it was amended on August 29, 1969, to change the punishment and which amendment was in effect at the time of trial; second, that there was a fatal variance between the indictment and proof; and third, the admission of a declaration of the alleged co-conspirator of the prosecuting witness after the accomplishment of the purpose of the conspiracy.

Title 22, §§ 256, 258, supra, were both amended by Act of the Legislature, approved on August 29, 1969, and appear in the pocket parts of volume 6, Michie's 1958 unofficial Code. § 256 defines the crime and § 258 sets out penalties for violations of the several charges combined in § 256. The penalty for selling marijuana, as it appears in § 258, is imprisonment for not less than five nor more than twenty years. (We are not here concerned with provision for assessment of fine.) The minimum and maximum punishment for sale of marijuana was not changed by the 1969 amendment of the statute, although changes were made by that amendment in the minimum and maximum punishment of possessing the prohibited articles.

The sentence imposed by the court was within the limits set out in the statute, as amended in 1969, which statute was in force and effect at the time of the trial. No error appears in this respect.

The indictment charges that appellant "did unlawfully sell, furnish or give away two cigarettes that were made of or contained marijuana," etc. The proof showed the sale of three cigarettes containing marijuana. Appellant insists therein lies a fatal variance and cites Crump v. State, 30 Ala.App. 241, 4 So.2d 188, as authority.

The rule is that a material variation in the allegation and proof is fatal to a conviction. See cases under key No. 171, Indict. and Inf., Vol. 12, Ala. Digest.

In Crump v. State, supra, the charge was forgery of a note or draft, the indictment charging the amount of the instrument as $28.00 and the proof showing $78.-00. The Court applied the rule strictly, evidently holding there was a material variance. However, in Fuller v. State, 39 Ala. App. 219, 96 So.2d 829, where the indictment charged possession of seven and

one-quarter grain of morphine and proof showed possession of six and four-tenths grain, the court held there was no fatal variance. The Court, through Judge Price, stated, "it is sufficient to prove so much of an indictment as shows that the defendant has committed a substantial offense specified therein. Porter v. State, 58 Ala. 66; State v. Murphy, 6 Ala. 845; Blakeney v. State, 244 Ala. 262, 13 So.2d 430. The fact that the indictment alleged that defendant possessed seven and one-quarter grains of morphine, while the proof showed he possessed six and four-tenths grains did not constitute a variance." We consider this case more analogous to the case at bar, and are of the opinion there is no fatal variance.

Then, too, it is doubtful if proper objection was made in the lower court, which is necessary to preserve the matter for ruling on appeal. Wideman v. State, 269 Ala. 49, 110 So.2d 298. The motion for a directed verdict was apparently limited to other grounds and no other ruling or action of the trial court was invoked on this question. But if it was broad enough to include this question, what we have said above disposes of it.

The motion for a directed verdict was based mainly on the failure of the State to offer the two marijuana cigarettes, in evidence referred to in the testimony. This was not necessary for the State to make out its case. The testimony of the State Toxicologist, who examined the cigarettes, when considered along with the other testimony offered by the State was ample upon which to base the verdict of conviction.

No objection was made to the statement of the witness (alleged co-conspirator with State witness Boswell) appearing on page 27 of the transcript. Therefore, there is nothing for review. On appeal our review is limited to matters properly raised in the trial court. Sharp v. State, 21 Ala.App. 262, 107 So. 228.

We find no reversible error in the record and the case is affirmed.

Affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by the court as its opinion.