267 So.2d 529

**Early LOWE**

v.

**STATE.**

**8 Div. 178.**

Court of Criminal Appeals of Alabama.

Oct. 3, 1972.

Joseph T. Conwell, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted and sentenced to thirteen years imprisonment in the penitentiary for selling marijuana in violation of Section 256, Title 22, Recompiled Code, 1958, as amended. The indictment and conviction anti-dated the enactment of the Alabama Uniform Controlled Substances Act.

He was arraigned upon a two-count indictment, (1) possession and (2) sale. Omitting the formal parts the indictment is as follows:

"The Grand Jury of said County charge that before the finding of this Indictment, Early Lowe, whose name is un-known to the Grand Jury other than as stated, did unlawfully possess a quantity of Marijuana, Cannabis Americana, Cannabis Indica or a quantity of a derivative from or of the foregoing, against the peace and dignity of the State of Alabama.

"COUNT TWO: The Grand Jury of said County further charge, that before the finding of this Indictment, Early Lowe, whose name is unknown to the Grand Jury other than as stated, did unlawfully transport, deliver, sell, offer for sale, barter, or give away a quantity of Marijuana, Cannabis Americana, Cannabis Indica or a quantity of a derivative from or of the foregoing to G. A. Smith and Jerry Ward, against the peace and dignity of the State of Alabama."

Appellant filed a demurrer as follows:

"1. For that said indictment does not apprise the defendant specifically of the accusations made against him. (Reference 80 Southern 2nd 495 Gayden vs. State, also Greg Duin vs. State of Alabama (Alabama Criminal Court of Appeals October Term 1970-71 Third Division 79.

"2. For said indictment fails to allege in count two of the indictment the name of the buyer of the marijuana. (See Gregg Duin vs. State, Alabama Criminal Court of Appeals October Term 1970-71 Third Division 79.

"3. For said indictment fails to allege the date of the alleged sale or sales of marijuana so that the defendant is apprised specifically of the accusations or accusations made against him.

"4. For that said indictment fails to allege that the buyer of said marijuana had a name and therefore, the indictment is void in that the name of the buyer is not alleged and therefore said indictment is void. (See Greg Duin vs. State, Alabama Criminal Court of Appeals October Term 1970-71) also Gayden vs. State 80 Southern 2nd 495."

■ ■ The indictment was not only framed in the words of the statute but went further in Count Two and named the persons to whom Lowe sold the marijuana. There was no error in overruling the demurrer. Duin v. State, 288 Ala. 329, 260 So.2d 602; Thomas v. State, 156 Ala. 166, 47 So. 257.

Appellant complains of prejudicial error in that (1) the jury was selected prior to arraignment, (2) the indictment failed to state the exact time and date that he was accused of possessing and selling marijuana, (3) that he was tried by a white jury, and (4) his motion for a new trial (mistrial) should have been granted because of the misconduct of the District Attorney in asking him on cross-examination about a previous conviction for selling marijuana.

We will treat these complaints in the order presented.

■ ■ The judgment entry reflects that the defendant was duly arraigned in the presence of his attorney and thereafter a trial was had resulting in appellant's conviction. The judgment entry speaks verity and controls. We cannot consider statements in appellant's brief not supported by the record. Dockery v. State, 269 Ala. 564, 114 So.2d 394; Edwards v. State, 287 Ala. 588, 253 So.2d 513; Mathews v. State, 21 Ala.App. 231, 106 So. 889.

Section 237, Title 15, Recompiled Code, provides:

"It is not necessary to state the precise time at which the offense was committed; but it may be alleged to have been committed on any day before the finding of the indictment, or generally before the finding of the indictment, unless time is a material ingredient of the offense."

In Thompson v. State, 106 Ala. 67, 17 So. 512, the Supreme Court said:

"* * * Time and place are material inquiries on every criminal trial. The burden rests on the state to prove that the offense charged was committed within the county in which the venue is laid, and within a time to avoid the bar of the statute of limitations. * * *"

■ The proof shows that the crime of selling marijuana was committed on March 5, 1970, and again on March 10, 1970, between 8:30 and 9:00 at night, and that the sale(s) was/were made in Huntsville, Madison County, Alabama. It was not necessary to specify the date and time in the indictment.

■ It is settled law in this State that the proper way to challenge an indictment and a trial venire on the ground of intentional racial discrimination is by motion to quash. Thomas v. State, 277 Ala. 570, 173 So.2d 111. The burden of proof rests upon he who asserts purposeful discrimination. Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759.

■ Appellant did not raise this question in the court below by motion to quash or otherwise. It cannot be raised for the first time on appeal. Taylor v. State, 47 Ala.App. 285, 253 So.2d 354; Middleton v. State, 47 Ala.App. 130, 251 So.2d 627.

On cross-examination of Lowe, the following occurred:

"Q. On March 5th you say you were at the VFW Club and you did not see Jerry Ward or Getral A. Smith on that date, is this correct?

"A. True.

"Q. And you did not see them on the 10th of March, 1970?

"A. Did I see them on the 10th?

"Q. Yes, sir.

"A. I have never seen either of the men before until my last trial that was here.

"Q. And in that trial that occurred on March 29th and 30th of this year, you were convicted by a jury, were you not?

"MR. CONWELL: We object to that.

"THE COURT: Sustained.

**743**

"MR. CONWELL: We move that be stricken from the record.

"THE COURT: Ladies and gentlemen, disregard it.

"Q. On the 30th day of March 1971, in the Circuit Court of Madison County in Case No. 15335–A, were you or were you not convicted of the crime of selling marijuana?

"MR. CONWELL: I object.

"THE COURT: Sustained.

"MR. WATSON: May we approach the bench, Your Honor.

"THE COURT: Yes, sir.

(THERE WAS A CONFERENCE BEFORE THE BENCH AND OUT OF THE HEARING OF THE JURY.)

"MR. CONWELL: Your Honor, I move for a mistrial.

"THE COURT: Overruled.

"MR. CONWELL: We except."

In the oral charge to the jury, the Court said:

"Lady and gentlemen of the jury, there was some inference made, or you might have found some suggestion, to prior crimes of this defendant. The Court will charge you you are not to consider that in any regard with regard to determining the guilt or the innocence of this defendant. You base it solely upon the guilt or innocence of this defendant in this case. Whether this defendant has ever been charged with any other crime goes back to the same thing I charged you in the beginning, that the law presumes a man to be innocent until proven guilty, and the fact that a man may have committed some other crime at some other time has absolutely no bearing on this case."

Generally, in prosecutions for a particular crime, evidence showing or tending to show the commission of another crime of the same sort, wholly independent of and unconnected with that charged, is inadmissible; however, there is an exception to this rule where the object is to show knowledge, intent, plan, design, motive and identity, etc. Robinson v. State, 40 Ala. App. 101, 108 So.2d 188. Be that as it may, the record shows that the trial judge sustained appellant's objection to this line of questions and instructed the jury to disregard the implications completely. The error, if any, was cured by the rulings and instructions of the trial court. Dufresne v. State, 40 Ala.App. 476, 116 So.2d 385; Reaves v. State, 33 Ala.App. 296, 33 So. 2d 376, certiorari denied, 250 Ala. 81, 33 So.2d 378.

In addition to the matters urged upon us for reversal in brief of appellant, we have carefully searched the record for errors affecting the substantial rights of Lowe and have found none. Therefore, this case is due to be affirmed.

Affirmed.

CATES, P. J., and ALMON, TYSON, and DeCARLO, JJ., concur.