Appellant was convicted for the possession of marijuana and the Court sentenced him to fifteen years in the penitentiary. At arraignment, in the presence of counsel, he pleaded not guilty. After sentence was imposed, he gave notice of appeal. Appellant was found to be indigent, and a free transcript was furnished him. Trial counsel represents him on this appeal.
There are two issues raised on this appeal which appellant contends entitle him to a reversal of this case.
In the light of the view we take of this case, we do not deem it necessary to set out in detail the evidence presented by the State. A Deputy Sheriff of Dallas County received a telephone call from a confidential informant on the night of September 29, 1977, advising him that he had just left the camper trailer of appellant where he had seen several bags of marijuana and at that time he had purchased some marijuana from appellant. The officer met the informant a short time later that same night in downtown Selma at which meeting the officer was given additional information relative to appellant's having marijuana in his automobile.
Early the next morning the officer went before Honorable J.C. Norton, Circuit Judge of Dallas County, Alabama, and signed two affidavits for search warrants for the camper trailer and the automobile. The officer revealed the name of his informer to Judge Norton, and Judge Norton issued two search warrants, one for appellant's camper trailer and the other for his automobile.
Armed with these two search warrants the officer and Chief Deputy Duke went to appellant's trailer and executed the search warrants. Upon arriving at the trailer, the officers knocked on the door of the camper and made known their identity. They ordered appellant to open the door and heard a noise in the back of the trailer. The Chief Deputy walked to the rear of the trailer and looked in a window. He saw appellant remove several bags from a table and put them in a closet. The officers told appellant, if he didn't open the door they were going to shoot the door knob off. Appellant opened the door, and the officers entered the camper and served appellant with the search warrants. Officer Duke went straight to the closet where he found several bags of plant material. Appellant was placed under arrest and he was given the Miranda rights and warnings. Appellant was told to sit on the bed while the officers *Page 586 
completed their search. In appellant's automobile the officers found marijuana cigarettes, a smoking pipe, and a large suitcase with residue of marijuana therein.
In appellant's camper the officers also found three sets of scales. According to their testimony one of the scales was "used to measure grams, one used to measure ounces and one used to measure pounds."
While the officers were transporting appellant to jail he voluntarily stated that "the pills that you found in the car, I didn't even know they were there. What I hate about the marijuana is that it had to be so much."
The officers made a return to the search warrants to Judge Norton and the return showed the following:
 "Eight (8) large clear plastic bags containing marijuana, one (1) brown paper wrapped container holding marijuana, and three (3) sets of scales."
State Criminologist, Arthur Craig Bailey, testified that the substance seized from appellant's camper trailer and automobile was, in fact, marijuana.
Appellant testified that he left Selma around 3 o'clock on the afternoon of September 29, 1977, and drove to Greenville, Alabama, to seek employment as a truck driver but was unable to locate anyone at the business where he had hoped to be employed. He did not return to Selma until after midnight as he went to a motel where he watched on television the heavyweight boxing championship match between Muhammad Ali and Earnie Shavers. The night manager of the motel supported appellant's testimony in this regard.
Appellant further testified that he saw the officers remove the bags of marijuana from the closet of his camper trailer, but denied this marijuana belonged to him, and said that it was not in his trailer when he left for Greenville on the afternoon of September 29, 1977. He did admit the marijuana found in his car belonged to him for his own personal use. He denied telling the officers that he had the only keys to the trailer. He stated the camper trailer was eighteen and one-half feet long.
On rebuttal, the State called one of the officers who executed the search warrants, and this officer testified that appellant told him that he had the only keys to the trailer.
The first issue raised by appellant which he contends constitutes reversible error is the ruling of the trial court in not permitting the State to furnish him the name of the confidential informer. We do not agree.
Public policy forbids the disclosure of an informant's identity unless it is essential to the defense set up by the accused and is necessary to show his innocence. Scher v. UnitedStates, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; Dixon v.State, 39 Ala. App. 575, 105 So.2d 354; Parsons v. State,251 Ala. 467, 38 So.2d 209; Kilgore v. State, 50 Ala. App. 501,280 So.2d 206.
Under the undisputed testimony in this case the confidential informer was not an active participant with appellant in the possession of the marijuana found in appellant's small camper trailer to which appellant had the only keys.
The other issue raised by appellant contains merit. Appellant requested the following written charge:
 "The Court charges the jury that if you have a reasonable doubt of the defendant's guilt growing out of the evidence or any part of it, you must acquit him."
This charge was not covered in the Court's oral charge or in the given charges requested by appellant.
In a long line of cases this Court and the Supreme Court have held this identical charge good and its refusal error to reverse. For a collection of these cases see Tillman v. State, Ala.Cr.App., 360 So.2d 1074.
Because of the refusal of this charge we are compelled to reverse the judgment and remand this case for a new trial.
REVERSED AND REMANDED.
All the Judges concur. *Page 587