HARRIS, Presiding Judge.
Appellant was put to trial upon an indictment which, omitting the formal parts, reads as follows:
“The Grand Jury of said County charge, that before the finding of this indictment, Tyrone White, whose name is unknown to the Grand Jury other than as stated, felo-niously took, to-wit: $5,500.00 lawful money of the United States, a further description of same being unknown to the Grand Jury, the personal property of E. H. Drake, doing business as Drake’s One Stop, from his person or from or in his presence, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama.”
Prior to arraignment it was made known to the Court that appellant was indigent and the Court appointed an experienced trial lawyer to represent him. When he was arraigned in the presence of appointed counsel appellant interposed a plea of not guilty. It took the jury only twenty-five minutes to return a verdict of guilty as charged in the indictment. The trial court sentenced appellant to thirty years imprisonment in the penitentiary. He gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent him on this appeal.
The sufficiency of the evidence is not presented for review by this Court. There was no motion to exclude the State’s evidence; there was no request for the affirmative charge, and no exceptions were reserved to the Court’s oral charge. Appellant did file a motion for a new trial but not on the ground that the evidence was not sufficient to support the verdict of the jury.
Appellant did not testify nor was any evidence offered in his behalf.
The evidence presented by the State tended to show that appellant, Tyrone White, and a companion, “Chicken” Leslie, accosted Mr. E. H. Drake on the night of February 21, 1978, as he was closing his place of business in Huntsville. As Mr. *334 Drake approached his vehicle carrying $5,500. in cash receipts in a grocery bag, he was approached by the two men. Mace was sprayed in his face and as he attempted to fight off the two men, his gun fell out of his pocket. Mr. Drake was shot with his own gun, and the two men got away with all of the money. During the struggle appellant fired his pistol but the bullet struck one of his fingers.
There was medical testimony indicating the extent of the wound received by Mr. Drake and the surgery performed as a result of this wound. Mr. Drake remained in the hospital more than thirty days. The bullet remained in the body.
There was ample evidence to sustain the conviction of robbery. In addition to the victim’s testimony and the in-court identification of appellant as the man who robbed him, there was evidence of a prior extrajudicial photographic identification of appellant by the victim. Appellant’s written and signed statement was admitted into evidence in which he admitted that he and “Chicken” Leslie robbed E. H. Drake.
Appellant’s signed confession is as follows:
“On 2/21/78 Jackie, Betty, Chicken and I went by the VFW & Ernie’s. We left & rode around. Chicken told me he knew where some money was, but the man knows me. I asked him the details on it, what it was about. He told me it was Mr. Drake. He said he had enough money to be worth getting. The girls dropped us off at the corner of Drake’s Store. We waited by the Van until Mr. Drake came out. We jumped him. We was tusseling over the gun & his gun went off. The money sack fell. In the tussel I got shot in the finger. Chicken was hiding behind the van and grabbed the money sack when it fell. Chicken also had a gun. I don't know if he fired a shot or not, when I got to the van I got the money sack from Chicken. We went back to the car after Chicken looked around to make sure no one was coming. We got in the ear & went to Council Ct. to Michael Sullivan’s house. They counted the money while I went to get some gin. I couldn’t find any so Michael went & got some. I got half of the $1800.00 & Chicken got the other half. I gave Betty $300.00 and Chicken gave Betty $200.00. Betty & Jackie left. Chicken, Michael & 1 sat around & drank. About 4:00 a. m. I called Betty & Jackie to come get us. We dropped Chicken off at his house & we went to Nashville to get my finger fixed.
“I have read this statement consisting of 2 pages, and I affirm to the truth and accuracy of the facts contained therein. “This statement was completed at 3:00 P.M. on the 25th day of Feb., 1978.
“WITNESS: /s/ R. Yearick # 237 “WITNESS:_
/s/ Tyrone White Signature of person giving voluntary statement.”
Appellant raises two issues on appeal: (1) The trial court erred in allowing State’s witness, Detective Howard Turner, to withhold the name of the person who gave him the gun which was marked as State’s Exhibit No. 14, and identified as the gun belonging to E. H. Drake, and (2) the admission of appellant’s statement.
State’s Exhibit No. 14 was identified during direct examination by E. H. Drake as the gun belonging to him and the one which he carried on the night of February 21, 1978. The gun was not formally introduced into evidence by the State but was apparently exhibited frequently during the course of the trial as noted by the trial court in ruling on the objection to the identity of the informer. Defense counsel attempted to elicit from State’s witness, Detective Howard Turner, the name of the person who gave him the gun. The State objected to this testimony on the ground that the introduction of the weapon was not material to the State’s case and that the life of the informer would be in jeopardy if his name was divulged. The trial court found that the gun was not introduced into evidence but that it had been “brandished *335 around the court room all day” by the State. The Court ruled that the witness would not be required to reveal the name of the informer.
The primary purpose for disclosure of the informer’s name or identification is to prevent a miscarriage of justice in cases where an accused might have been entrapped into committing the offense for which he is prosecuted. Kilgore v. State, 50 Ala.App. 501, 280 So.2d 206. The general rule is that the identification of the informer is not ordinarily in the public interest except where it is needed to show the innocence of the accused. Hood v. State, 47 Ala.App. 192, 252 So.2d 117.
In this case it does not appear that the identity of the person who turned over the gun to Detective Turner would have served any useful purpose at all. The identity of the defendant was not questioned. In addition to the photographic and in-court identifications by the victim, the appellant’s statement was admitted into evidence in which he confessed to robbing Mr. Drake. There was not even the slightest tendency of the evidence to show appellant was mistakenly identified, entrapped in any manner or unjustly accused. The result would be the same even if the gun were treated as evidence under the rule of Kabase v. State, 31 Ala.App. 77, 12 So.2d 758 which held that exhibits properly identified and exhibited before the jury become evidence even in the absence of formal introduction.
Appellant contends that the admission of his written, signed statement given to police officers was error. We disagree. The Miranda and voluntariness predicates were properly laid both outside the presence of the jury and again before the jury. The testimony of Officer Yearick as to the circumstances under which appellant’s statement was taken was controverted by appellant’s testimony on voir dire. The admissibility of the confession is to be determined by the trial judge in exercise of enlightened discretion, and this decision allowing the confession into evidence will not be disturbed unless it is palpably contrary to the weight of the evidence. Burks v. State, Ala.Cr.App., 353 So.2d 539. The trial court found the confession was knowingly, understanding^ and voluntarily made and its admission into evidence was, in all respects, proper.
A careful search of the record reflects no error injuriously affecting the substantial rights of the appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.