ON REHEARING
On original submission this Court affirmed the appellant's conviction without published opinion. This opinion is issued at the request of the appellant under Rule 39 (k), ARAP.
The appellant was indicted and convicted for the offense of selling marijuana. Sentence was fixed at eight years' imprisonment.
The evidence reveals that at approximately 6:00 o'clock on the evening of October 29, 1976, Deputy James T. Wyatt, a narcotic's agent with the Mobile County Sheriff's Department, drove to a residence where he met Rich Hamilton. Hamilton asked Wyatt how many bags of marijuana he wanted. When Wyatt responded "one" Hamilton motioned for the appellant to come forward to Wyatt's automobile. The appellant opened his jacket, pulled out a brown paper sack and handed it to Hamilton, who handed it to Wyatt. Wyatt picked out the bag of marijuana he wanted and handed $15.00 and the brown paper sack containing the bags of marijuana back to Hamilton, who, in turn, handed the money and sack to the appellant.
 I
The appellant initially alleges that his pretrial motion for discovery, production, and inspection should not have been denied, especially the portion which would have allowed inspection of "any and all evidence tending to exculpate this defendant". Examination of the record reveals that only certain portions of the motion were denied by the trial court.
A portion of the motion which was granted allowed inspection of "all material known to the prosecution, . . ., which is arguably exculpatory in nature or favorable to the accused or which may lead to exculpatory material, . . .". Additional portions of the motion were granted which permitted defense counsel access to even more material than required by law.Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215
(1963); McCants v. State, 282 Ala. 397, 211 So.2d 877 (1968);Thigpen v. State, 49 Ala. App. 233, 270 So.2d 666 (1972).
A motion for discovery is not a mere "fishing expedition".Giddens v. State, 333 So.2d 615 (Ala.Cr.App. 1976); Hurst v.State, 54 Ala. App. 254, 307 So.2d 62 (1974). The accused is simply not entitled to pursue a "scatter gun" approach in his motion to produce. Hurst, supra. When the accused, in effect, asks for the District Attorney to produce a document, he should at least establish that this State official has such a document in his possession before the trial court will be put in error for failing to grant the motion. Strange v. State, 43 Ala. App. 599,606, 197 So.2d 437 (1966). This was not done in the instant case. The trial court in no manner abused its discretion in limiting appellant's pretrial request for information.
 II
Secondly, the appellant argues that his motion to exclude the State's evidence was erroneously denied. He contends that because Agent Wyatt did not hand the money directly to the appellant the State did not prove that the appellant sold Wyatt marijuana as charged in the indictment. Alabama Code § 13-9-1 (1975) reads as follows:
 ". . . all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet in its commission, though not present, must hereafter be indicted, tried and punished as principals, . . ."
In this case the appellant clearly participated in the felony. Thus, he is just as responsible as Rich Hamilton. Stokely v.State, 254 Ala. 534, 49 So.2d 284 (1950). Where the evidence raises questions of fact for the jury, as here, and such evidence, if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the State's evidence does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843 *Page 971 
(1969). Thus, there was no error in denying appellant's motion to exclude.
 III
The appellant's last allegation of error is that the trial court should have declared a mistrial when the prosecutor asked the appellant on cross examination, "Are you using marijuana right now?" The appellant's objection to this question was sustained and the trial judge thoroughly instructed the jury to disregard the prosecutor's question. The question was not answered and that line of questioning was not pursued.
The granting of a mistrial lies within the sound discretion of the trial court. Washington v. State, 57 Ala. App. 465,329 So.2d 155 (1976). There was no abuse of that discretion in this case. Although the prosecutor's conduct was improper, the trial judge's instruction to the jury to disregard the question and his remarks to the prosecutor cured any error which might have occurred otherwise. Lowe v. State, 48 Ala. App. 740,267 So.2d 529 (1972).
This record has been searched for error, and none having been found I recommend that this application for rehearing be overruled.
APPLICATION FOR REHEARING OVERRULED.
All Judges concur.