BOWEN, Judge.
The defendant was indicted and convicted for unlawfully obtaining or attempting to obtain Demerol “by the use of a forged prescription.” Alabama Code 1975, Section 20-2-1 et seq. The defendant was sentenced as a second offender to 25 years’ imprisonment. Section 20-2-76(a).
I
The defendant argues that the State failed to establish that Demerol is a controlled substance. The only objection at trial was in the defendant’s motion to exclude the State’s evidence when defense counsel stated:
“Your Honor, the Defendant would make a motion to exclude State’s evidence in that they have failed to prove a prima facie case. They have not proved that the controlled substance Demerol was in fact a controlled substance. That’s all.”
At trial, Dr. J. B. Clayton testified that “Demerol is a Class 2 narcotic.” During Dr. Powell’s testimony, the following occurred without objection.
“Q. And you say that’s in schedule 2?
“A. I think so. I’m not sure.
“Q. Here’s a Schedule 2 listing of controlled substances. Would you point to that in there?
“A. I see you’ve got all the generics there. I don’t know what you asked me to do.
“THE COURT: He wants to know if you see it under Schedule 2. Look at 3 and so on.
“Q. Yes, sir, examine all the schedules.
“A. My book doesn’t go like this. This is a listing of controlled substances over here. You’ve got amphetamines. I’m not getting anywhere with this.
“THE COURT: No wonder he can’t find it, it’s not in there.
“MR. MAHON (Assistant District Attorney): I’ll have that marked.
“THE WITNESS: What is this?
“MR. MAHON: For the purpose of the record, I have just handed to the Court and the Court has handed to the witness a copy of the published scheduled controlled substances here in the State of Alabama, which also includes Schedule 2.
“THE COURT: If you can read that you can locate that generic term for Demerol on there. It’s in the center column.
“THE WITNESS: Merperidine Hydrochloride. He refreshed my memory with that.”
Pharmacist Debra Powell stated that Demerol or merperidine is “a schedule 2 *301 narcotic.” She further testified that “(t)hey are all scheduled by the Federal Government, regulated by the Federal Government. They schedule it Schedule 2.”
On appeal, the defendant argues that the State “failed to establish a prima facie case by failing to produce evidence that the statutory procedure had been followed in adding ‘Demerol’ to the list of controlled substances.” Compare McCurley v. State, 390 So.2d 25 (Ala.1980); Brown v. State, 398 So.2d 784 (Ala.Cr.App.), cert. denied, 398 So.2d 787 (Ala.1981). This argument is made for the first time on appeal. The general objection at trial is insufficient to preserve this specific question for review. See Kilgore v. State, 50 Ala.App. 501, 280 So.2d 206 (1973). “A motion to exclude without stating any grounds therefor is properly overruled.” Ward v. State, 376 So.2d 1112, 1116 (Ala.Cr.App.), cert. denied, Ex parte Ward, 376 So.2d 1117 (Ala.1979).
The State did prove, in a somewhat haphazard manner, that Demerol or Mer-peridine Hydrochloride was in “the published scheduled controlled substances here in the State of Alabama, which also includes Schedule 2.” The defendant’s general motion to exclude because the State had not proven that Demerol was a controlled substance was properly overruled. If defense counsel had some objection to the manner in which such proof was made or that the proof was not the best evidence, specific objection should have been advanced to the trial judge on those grounds.
In the absence of a proper objection raising the specific issue, the State, in a prosecution involving a controlled substance, need not prove that the statutory procedure was followed in adding the drug to the list of controlled substances. “The trial court can properly take judicial notice of whether a substance is designated as a controlled substance and can so instruct the jury.” Gilbert v. State, 401 So.2d 342, 343 (Ala.Cr.App.1981). “Identification of a controlled substance by a State toxicologist is, of course, sufficient to constitute a prima facie case.” Bickerstaff v. State, 369 So.2d 315, 316 (Ala.Cr.App.1979). See also Hare v. State, 390 So.2d 1126 (Ala.Cr.App.), cert. denied, Ex parte Hare, 390 So.2d 1129 (Ala.1980).
II
The State proved that the prescription was forged through the testimony of Dr. Clayton. He stated that he never prescribed Demerol for the defendant, and that the signature on the prescription was neither his nor that of any of his nurses. Again, this argument is advanced for the first time on appeal. Because no objection on this issue was made in the trial court, the objection that the State failed to establish that the defendant was not authorized to sign the prescription (see Finney v. State, 348 So.2d 876 (Ala.Cr.App.), cert. denied, Ex Parte State of Alabama ex rel. Attorney General, 348 So.2d 878 (Ala.1977)) is of no avail.
III
The record affirmatively shows that the defendant was represented by counsel at his two previous drug convictions. The defendant was not sentenced as an habitual offender and the four other felony convictions were only for “the court’s information.” We do not find that they were used to enhance punishment.
IV
The defendant was properly sentenced under Section 20-2-76(a) authorizing imprisonment for up to 30 years upon a second or subsequent violation of the Alabama Controlled Substances Act. The record shows that in 1980 the defendant was convicted on a two count indictment charging the unlawful possession of marijuana and chlordiazepoxide.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.