ON REHEARING
The opinion of this court entered on January 31, 1984, is hereby withdrawn and the following is hereby substituted therefor on rehearing.
David H. Bentley, a licensed practitioner of veterinary medicine, was indicted for *Page 198 
unlawfully prescribing, administering, or dispensing Hydromorphone (Dilaudid), a controlled substance, so placed under control by the Board of Health of the State of Alabama by § 20-2-20 of the Code of Alabama, as last amended, in violation of the Alabama Uniform Controlled Substances Act and § 20-2-74
(a) of the Code of Alabama 1975. The jury found the appellant "guilty as charged", and the trial court sentenced him to ten years' imprisonment, of which he is to serve thirty days in the Marshall County Jail, with the remainder of the sentence suspended, and placed on probation for a term of five years.
The appellant raises three issues on appeal.
 I
The appellant contends that his motion to quash the jury verdict and his challenge as to seating certain jurors who resided in the Guntersville division of Marshall County rather than the Albertville division was error and cites us to the Act approved August 18, 1909 (Special Session, Acts 1909, p. 16) and Alabama Local Acts No. 23, p. 12 (1919).
Local Act No. 137, Acts of Alabama 1936 at page 78, specifically provides that:
 "[T]he Jury Commission for Marshall County, or persons hereafter authorized to draw jurors for the Circuit Courts of Albertville and at Guntersville shall provide one jury box only for both courts."
Thus the requirement for having separate jury boxes for the two divisions was repealed and is no longer in force and effect. Therefore, no error resulted from using jurors from one division within the county from the other division.
 II
The appellant argues that his conviction was based on an involuntary confession made during custodial interrogation, which involuntariness would, under the statement, be inadmissible in court. We have carefully examined the record and the voir dire examination wherein the statement was inquired into outside the presence of the trial jury. The appellant contends that he made a confession on the promise of Sheriff's Detective A.G. Lang to have his bond reduced. Officer Lang testified that he never made any promises at all to the appellant. Officer Whitten testified that he knew of no promises being advanced. We are of the opinion that the trial judge's conclusion that the appellant's statement was voluntary was adequately supported by the facts, and that the trial judge properly admitted the appellant's statement into evidence. It is the province of the trial judge to first determine the voluntariness of a statement in a voir dire examination outside the presence of the jury, and unless there is a clear abuse this decision will not be overturned. Snider v. State,422 So.2d 807 (Ala.Cr.App. 1982); Hardy v. State, 409 So.2d 996
(Ala.Cr.App. 1982); Duncan v. State, 278 Ala. 145,176 So.2d 840 (1965); Bills v. State, 49 Ala. App. 726, 275 So.2d 706
(Ala.Cr.App. 1973); Shewey v. State, 48 Ala. App. 730,267 So.2d 520 (Ala.Cr.App. 1972).
Moreover, the record shows that the appellant was advised of his Miranda rights by Officers Lang and Whitten and that he freely and intelligently signed a waiver of rights form. SeeShorts v. State, 412 So.2d 830 (Ala.Cr.App. 1981); Hardy v.State, supra.
 III
The appellant's final contention is that the State failed to adequately substantiate that Hydromorphone (Dilaudid) was a controlled substance on the date of the offense. The State attempted to show that Hydromorphone (Dilaudid) was a controlled substance by the introduction into evidence of copies of the State Board of Health's list of controlled substances. The appellant specifically argues that the State failed to prove such because they failed to lay a proper foundation to authenticate the document. The documents introduced over defense counsel's objections were copies of records of the State Board of Health certified as true records by the State Health Officer, who has lawful custody of those *Page 199 
records. Certified copies of public records, signed and certified by the officer who has lawful custody, are properly authenticated and admissible into evidence. Ballenger v. State,406 So.2d 995 (Ala.Cr.App.), writ denied, 406 So.2d 998 (Ala. 1981), cert. denied, 456 U.S. 907, 102 S.Ct. 1754,72 L.Ed.2d 164; Harmon v. State, 420 So.2d 299 (Ala.Cr.App. 1982); Cassellv. State, 55 Ala. App. 502, 317 So.2d 348 (1975); Gamble,McElroy's Alabama Evidence, § 218.01 (1977).
 IV
The appellant further argues that the trial court committed error in its oral charge to the jury when the court stated:
 "I charge you at this time, ladies and gentlemen, that dilaudid or hydromorphone is a controlled substance, and it is in schedule 2 of the Code of Alabama. Therefore, that element is not necessary to prove. I charge you that it is a controlled substance."
This charge was objected to by defense counsel on the grounds that there was no evidence that Hydromorphone (Dilaudid) was a controlled substance and the court could not take judicial notice of such. This argument is without merit. The trial court can properly take judicial notice of whether a substance is designated as a controlled substance and can so instruct the jury. Gilbert v. State, 401 So.2d 342 (Ala.Cr.App. 1981);Harmon v. State, supra; United States v. Berrojo, 628 F.2d 368
(5 Cir. 1980). Therefore, after review of the authorities we can find no error in either the introduction of the documents into evidence or in the trial court's oral charge.
We have carefully searched this record and find no error. This judgment is therefore affirmed.
APPLICATION FOR REHEARING GRANTED; AFFIRMED.
All the Judges concur. *Page 443