Carl Dennis Hammond was convicted of possession of phenmetrazine hydrochloride, a controlled substance, in violation of Ala. Code 1975, § 20-2-70. The Court of Criminal Appeals, 486 So.2d 522, affirmed his conviction, without opinion. We affirm.
Certiorari was granted in order to determine whether the absence of Hammond and his attorney from the courtroom during an inquiry concerning a confidential informant was in violation of his right to be present during every stage of his trial.
During the course of the trial, an inquiry was conducted by the trial judge outside the presence of the jury, Hammond, and his attorney to determine from the arresting officer what information he obtained from the informant and how that information was obtained. The purpose of this inquiry was to determine whether the identity of the informant would be divulged by the officer's testimony. Although the trial court never affirmatively ruled on this point, the record shows that the defense was allowed to question the officer about his conversation with the informant.
Hammond argues that he has a jurisdictional right to be present at all stages during his criminal trial, and that this right supersedes the right of the State to withhold the identity of a confidential informant.
 "The general rule is that the prosecution is privileged to withhold from an accused the identity of an informer. . . . The court in Kilgore v. State, 50 Ala. App. 501, 503, 280 So.2d 206, 208 (Ala.Cr.App. 1973), stated the following: 'Public policy forbids the disclosure of an informant's identity unless it is essential to the defense set up by the accused and is necessary to show his innocence.' (Citations omitted.) The United States Supreme Court, in Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957), expounded upon the State's privilege to withhold the identity of informers as follows: 'The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.' "
Stanford v. State, 448 So.2d 472, 473 (Ala.Cr.App. 1984).
It is also well settled that a defendant has a right to be present during every stage of his trial; and without his presence at every stage, the court has no jurisdiction to pronounce judgment against him. Berness v. State, 263 Ala. 641,83 So.2d 613 (1955). However, a defendant in a noncapital felony case may waive his continuous presence at trial. Bernessv. State, supra.
In Davis v. State, 416 So.2d 444 (Ala.Cr.App.), cert. denied,Ex parte Davis, 416 So.2d 449 (Ala. 1982), cert. denied, Davisv. Alabama, 459 U.S. 1019, 103 S.Ct. 384, 74 L.Ed.2d 515
(1982), the defendant waived a jury trial and was absent when the trial judge pronounced judgment. The Court of Criminal Appeals held that this was a technical *Page 155 
error that resulted in no prejudice to the defendant. In addition, the court found that the defendant never objected at trial. There was no motion to discharge, motion in arrest of judgment, or motion for new trial filed in the trial court.
In the instant case, Hammond never objected to his absence from the courtroom, and no motion to discharge, motion in arrest of judgment, or motion for new trial was filed. Furthermore, Hammond does not allege that he suffered any prejudice as a result of his absence. We find that disclosure of the informant's identity was not essential to Hammond's defense because the informant was not an active participant with Hammond in the possession of the controlled substance found on Hammond's person. See Murphy v. State, 367 So.2d 584
(Ala.Cr.App. 1978), cert. denied, Ex parte State Ex Rel.Attorney General, 367 So.2d 587 (Ala. 1979).
Based upon the foregoing, we find that no prejudice resulted from Hammond's absence during the court's inquiry concerning the identity of the informant; therefore, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MADDOX, SHORES, BEATTY and HOUSTON, JJ., concur.
JONES, ALMON and ADAMS, JJ., dissent.