WHITE v. STATE.   (2 Div. 285.)

(Court of Appeals of Alabama. June 17, 1924.)

1. Intoxicating liquors ⚖➡238(1) — Whether still was on accused's property and in his possession held for jury.

Circumstantial evidence *held* sufficient to take to jury question whether still and liquor paraphernalia were on accused's premises and in his possession.

2. Criminal law ⚖➡813—Abstract charge held properly refused.

A requested charge, which was abstract, was properly refused.

3. Criminal law ⚖➡784(7)—Requested charge that evidence must exclude every hypothesis but that of guilt held properly refused.

Requested charge that the evidence must exclude to a moral certainty every hypothesis but that of accused's guilt, before conviction could be had, *held* properly refused, since the evidence need exclude only such hypotheses as are reasonable, springing from a consideration of the entire evidence.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Criminal law ⬤⤳809—Charge calculated to mislead jury properly refused.**

A requested charge, which was calculated to mislead the jury, was properly refused.

**5. Criminal law ⬤⤳829(1)—Oral charge held to cover substance of charge requested.**

Oral charge *held* to fully and fairly cover substance of the requested charge, that nothing could be considered except what clearly appeared in the evidence.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Ernest White was convicted of possessing a still, and appeals. Affirmed.

These charges were refused to defendant:

"X. The court further charges the jury that there is no evidence of the still offered in evidence was on property of defendant."

"5. The defendant should be found not guilty, unless the evidence against him should be such as to exclude to a moral certainty every hypothesis but that of his guilt."

"1. I charge you, gentlemen of the jury, that nothing can be considered, except what clearly appears in the evidence."

A. W. Stewart, of Marion, for appellant.

Charge 5 asserts a correct proposition of law, and should have been given. Ballentine v. State, 19 Ala. App. 261, 96 South. 733; Pickens v. State, 115 Ala. 42, 22 South. 551; Gilmore v. State, 99 Ala. 154, 13 South. 536; Ott v. State, 160 Ala. 29, 49 South. 810; State v. Marler, 2 Ala. 43, 36 Am. Dec. 398; State v. Murphy, 6 Ala. 845; Coleman v. State, 59 Ala. 52.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The indictment charged that the defendant had "in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages."

[1] The evidence for the state tended to show that certain officers went to the home of the defendant, and found between one-quarter and a half mile south of his house some beer, mash, and parts of a still. There were 12 60-gallon barrels full of mash and 2 empty barrels. The still consisted of cap, worm, condenser, water barrel, and pipe leading from the cap to the condenser. A wide-tire wagon track led through the defendant's back lot gate to the fence, and there was some wood thrown off there, and a trail leading from the fence about 50 feet, to the point where the barrels of mash and parts of still were found. The lot was near defendant's house and was part of his premises. The wagon track followed through the

lot gate into a pasture to a point near the fence, and then turned and came back to defendant's house. There was in the defendant's lot a wagon with wide tires (about 3 inches), and it was standing in the track which led back from the fence, and the tires and the track were of the same size. The 14 barrels were in a pit, lined up in two rows, of 7 barrels each, and were covered with paper roofing. A state's witness, Dunn, after being properly qualified, testified that "the appliances, or apparatus, or parts of apparatus," found there were "suitable for making alcoholic liquor," and that it had "been used for making whisky."

The evidence for the defendant tended to show that the still parts and the barrels of beer found were not on his premises, or on premises under his control; that he owned a half interest in 310 acres of land, the place being one-half mile wide and a mile long; that his dwelling house was in the northeast corner of the land; and that the place where the still parts and barrels were found was at least a mile from his barn or lot, and not on his land. The defendant denied any knowledge of the parts of still or the barrels found, and denied any possession of the same or that they were on premises under his control. There was other evidence, both for the state and for the defendant, which we deem unnecessary to set out here.

The evidence for the state was circumstantial; there was a conflict, but there was sufficient evidence to submit to the jury for its determination the question as to whether or not the parts of the still and the barrels of mash, etc., were found on the premises of the defendant and were in his possession. The exceptions to the evidence are obviously without merit, and are not insisted upon in brief by the learned counsel for the defendant.

[2] Charge F was abstract, and properly refused.

Charge X was properly refused. The evidence was in conflict, and there was sufficient evidence to submit to the jury the question as to whether or not the still was on the property of the defendant.

Charge 17, the general affirmative charge for the defendant, was properly refused. There was sufficient evidence to submit to the jury the question of guilt vel non of the defendant.

[3] Charge 5 was faulty. It is not every hypothesis the evidence must exclude, but only such hypotheses as are reasonable, springing from a consideration of the entire evidence. Crawford v. State, 112 Ala. 1, 21 South. 214.

[4] Charge 1 was calculated to mislead the jury.

[5] The court in its oral charge fully and fairly instructed the jury that the burden

was upon the state to satisfy them by the evidence beyond a reasonable doubt of the guilt of the defendant, and that if the evidence did not so satisfy the jury they must acquit. Although the trial judge did not instruct the jury that they could ·"consider only what clearly appears in the evidence," the instructions were that their finding must be predicated upon the evidence, and that they must believe from the evidence beyond a reasonable doubt that the defendant was guilty before a conviction could be had. The substance of charge 1 was fully and fairly covered by the oral charge.

The court properly overruled the motion for a new trial. There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.