287 So.2d 243

**John Lee DAVIS**

**v.**

**STATE.**

**1 Div. 402.**

Court of Criminal Appeals of Alabama.

Nov. 13, 1973.

Rehearing Denied Dec. 11, 1973.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Andrew J. Gentry, Jr., Sp. Asst. to Atty. Gen., Auburn, for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant was indicted and convicted of robbery. His sentence was ten years in the penitentiary. Appeal is from a judgment responsive to the conviction.

The victim named in the indictment was L. B. Stinson. The res gestae, according to the evidence, included another victim by

the name of Joseph Martin. Both victims, following a line up, identified the appellant as the person who robbed them by presentation of a pistol and threats. The witnesses were bread salesmen and at the time were on a company truck from which they were preparing to deliver bread to a customer who operated Babe's Hot Dog Stand in Mobile County.

It appears from the evidence that City Detective Sergeant Vincent Richardson entered the investigative picture about a month after the robbery. Sergeant Richardson testified that he became involved because an informant, an eye-witness to the robbery, told him that the defendant, John Lee Davis, committed the robbery. Sergeant Richardson further testified in answer to questions of the defendant's attorney:

"Q.   And you didn't talk to these people that were there, who witnessed this?

"A.   I was unable to find anybody who witnessed it.

"Q.   So, you have someone who told you they witnessed this offense and they are not here in the Court Room to testify?

"A.   That's correct.

"Q.   And that's the first time—that's the first time, that John Lee Davis entered into this case, is that right?

"A.   Yes, sir, to me it is.

"Q.   A month after it happened?

"A.   Yes, sir."

The witness further testified that he signed the warrant and put out an arrest order for the defendant. Officer Robison made the arrest. The witness further testified that the defendant did not make any statement.

The trial court sustained the state's objection to a question propounded by the defense counsel as to the name of the informant and declined to require the witness to give the name of such informant. Counsel contended that the defendant was entitled to the name of the informant who was a material witness. Until this information was supplied, the witness testified that he could not find anyone who witnessed the robbery.

■   Under some circumstances, a witness is not required to give the name of an informant. Davis v. State, 46 Ala.App. 45, 237 So.2d 635; McCray v. Illinois, 386 U. S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.

As we stated in Kenny v. State, 51 Ala. App. 35, 282 So.2d 387(2), "Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, expresses an exception to this testimonial privilege where, as Stewart, J., pointed out in McCray v. Illinois, supra, the issue is guilt or innocence (i. e., conviction beyond a reasonable doubt) as distinguished from that of reasonable probable cause as in the issuance of a search warrant. In the instant case the *Rovario* exception was before the trial court. The defendant, under both State and Federal constitutions, is entitled to compulsory process for witnesses."

■   The testimony of the informant might have thrown doubt upon appellant's identity. The two victims, Stinson and Martin, were the only witnesses on this point. While it is the premise that the "informer is a vital part of society's defensive arsenal * * *", we must remember that "the need for a truthful verdict outweighs society's need for the informer privilege." State v. Burnett, 42 N.J. 377, 201 A.2d 39.

*Roviaro,* supra, says:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a

proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

We also think it clear that appellant was entitled to know the identity of the other persons as shown by the evidence to have been present when the robbery occurred. This information he might have obtained from the informer who was present along with some others. People v. Lollis, 177 Cal.App.2d 665, 2 Cal.Rptr. 420.

The appellate court in People v. Williams, 51 Cal.2d 355, 333 P.2d 19, observes:

"It has long been recognized that, although the government is generally privileged to withhold the identity of informers, the privilege must give way when it comes into conflict with the fundamental principle that a person accused of crime is entitled to a full and fair opportunity to defend himself. Regina v. Richardson (Eng.), 3 F. & F. 693; see Marks v. Beyfus (Eng.), 25 Q.B.D. 494, 498. While the language employed in describing the restriction on the privilege is not always the same, it does not vary in any substantial respect. Thus, Wigmore states that disclosure may be compelled if it 'appears necessary in order to avoid the risk of false testimony or to secure useful testimony' (8 Wigmore on Evidence (3d Ed.1940) § 2374, p. 756), and the United States Supreme Court in its latest opinion on the question declares that a limitation arises from the fundamental requirements of fairness where disclosure is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.' Roviaro v. United States, 353 U.S. 53, 60–61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639."

Appellant-defendant was entitled to the name of the informer. Sustaining the state's objection to the disclosure was error to reverse.

The judgment is reversed and the cause remanded.

The foregoing opinion was prepared by Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

All the Judges concur.