293 So.2d 324

**Anthony WILLIAMS**

v.

**STATE.**

**I Div. 442.**

Court of Criminal Appeals of Alabama.

April 9, 1974.

William J. Baxley, Atty. Gen., and William M. Bowen, Jr., Asst. Atty. Gen., for the State.

Kenneth Cooper, Bay Minette, for appellant.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant here appeals from a judgment convicting him of second degree burglary. The court imposed a sentence of eight years in the penitentiary.

## I.

The subject of the alleged burglary was the Fairhope Yacht Club. Roger Van DenHeuvel was manager and in charge on the night of January 16, 1973. It appears from the evidence of the manager that on the night of the burglary he closed the club about 9:35 P.M. and locked it up; that the next morning he went to the club and found that entry was gained through the back kitchen window by breaking it.

The witness further testified that the stock of merchandise kept in the building consisted of beer, whiskey, potato chips and "stuff like that." He could not tell if any of the merchandise was stolen.

Describing the condition of the inside of the building when he came down the next morning, the witness testified:

"Q. Describe the condition of the building on the inside?

"A. Well the only damage that I really noticed was a door where we kept the liquor locked up—the bottom of the door has a vent to let air escape out of there and this is where they had torn into that and on the inside was wires that we hooked to the burglary alarm system that we (sic) broken when they tried to break in and that set off the alarm.

"Q. You did have a burglary alarm system in the place?

"A. Yes sir.

"Q. When you left at 9:35 was there anything you had to do to put in operation the alarm system?

"A. I had to set it.

"Q. Did you do that?

"A. Yes sir."

The evidence further shows that the burglar alarm was connected with the police station; that it went off that night, and the police responded to the alarm. They found appellant hiding behind a tree just on the outside of the building.

The manager further testified that the merchandise was kept in the place to be sold.

We think that the jury could reasonably infer from the manager's evidence that some person or persons, on the night of January 16, 1973, unlawfully broke into and entered the building without authority; that the merchandise therein was kept for sale.

We note that the indictment does not allege that the merchandise was of value; hence, such proof was unnecessary. There was no demurrer to the indictment.

## II.

▮ Witness Ray Jones, a police officer, testified in response to the question of the defense counsel that he had arrested the defendant before. The trial court sustained the state's objection as to how many times.

We think the number of times the officer arrested the defendant is foreign to defendant's contention of bias or ill will on the part of the officer toward the defendant and sheds no light on such issue.

Plurality of arrests probably would have created in the minds of the jury the impression that the defendant, having been arrested several times, was a habitual law violator. Such an impression would have served no good purpose for defendant. The objection was properly sustained without injury to the defendant.

### III.

The following colloquy took place between the defense counsel, Robert Stewart, an investigator, and the court:

"Q. Wasn't it necessary for you to take this man and interview him before you could get enough information to charge him with burglary and assault with intent to murder—is that right? Answer yes or not—

"A. We had—

"Q. Answer that question yes or not — — — I want him to answer yes or no.

"THE COURT: He doesn't have to answer yes or no; he can tell you what he was doing."

While Title 7, § 443, Recompiled Code 1958, gives to defendant's counsel the right to a thorough and sifting cross examination of the witness, we do not think it was error on part of the trial court to refuse counsel's insistence that the witness be required to answer "yes" or "no." The witness could choose his own phrasing so long as the answer was responsive to the question.

### IV.

Leon Sledge, an alleged accomplice in the instant burglary and indicted therefor, appeared on the stand as a witness for the state against the defendant.

Defendant contends that the trial court erred in sustaining the state's objection as follows:

"Q. Did he (attorney for the witness) tell you that it would be easier on your case if you testified against Anthony?

"A. No sir.

"Q. What was the words Mr. — — —

"MR. HENDRIX: I object—that is a confidential communication.

"THE COURT: Sustain the objection.

"MR. COOPER: Except."

The witness answered that his lawyer had not told him that in his case it would be easier for him if he testified against the defendant. The exact words of the answer would shed no light on the guilt or innocence of the defendant. The answer, supra, "no sir" to the original question was not excluded.

### V.

The trial court ruled that Sheriff Taylor, a witness for the state, did not have to disclose, when he was being cross-examined, the name of his informer who implicated the defendant in the burglary. The ruling was correct. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887. This case is cited with approval by this court in Davis v. State, 46 Ala.App. 45, 237 So.2d 635. There are exceptions to this rule not here obtaining. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Davis v. State 51 Ala.App. 532, 287 So.2d 243.

### VI.

Defendant complains that he was arrested by the Sheriff's deputies without a warrant of arrest; that the deputies failed to inform him as to the cause of his arrest. This occurred before indictment. The defendant was here arrested and tried under an indictment. No proceeding is before this court as to validity vel non of the original arrest. It is not an issue here, and there is no ruling of the court as to the validity vel non of such arrest. There is nothing for us to review.

### VII.

The testimony of Leon Sledge, an alleged accomplice implicating the defendant in the burglary, was supported by competent evidence. Investigator Robert (Bobby) Stewart testified that the defendant, after after being told in detail of his Miranda rights, admitted his participation in the burglary; that the accomplice drove the automobile which transported them that

night to the Yacht Club, which was the subject of the burglary.

There is no merit in defendant's contention that the testimony of the accomplice was not corroborated by evidence as required by law.

■ Charge two relating to the jury's right under the circumstances to determine if the witness was an accomplice was abstract and, if for no other reason, was properly refused. Doughty v. State, 228 Ala. 568, 154 So. 778; White v. State, 20 Ala.App. 65, 101 So. 66.

The guilt or innocence of the defendant was properly submitted to the jury and denial of the defendant's motion to exclude the evidence was free of error.

We find no error in the record. The judgment of conviction is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

Affirmed.

All the Judges concur.

ALMON, J., concurs in result only.