The appellant was convicted of robbery and sentenced to twenty-five years' imprisonment. He argues that his conviction should be reversed for three reasons.
 I
"The fact that a defendant has an attorney does not mean, as a per se rule, that law enforcement officials cannot procure a statement of any kind from the defendant without prior notice to, if not the consent of, the attorney." This rule was *Page 331 
fully discussed and applied in Thompson v. State,347 So.2d 1371 (Ala.Cr.App.), cert. denied, 347 So.2d 1377 (Ala. 1977). In Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 1243,51 L.Ed.2d 424 (1977), the United States Supreme Court implicitly rejected any such "per se" rule.[1]
Here there is no evidence that the law enforcement officer who questioned the appellant had any knowledge that the appellant was represented by appointed counsel. The evidence is without conflict that although this "could" have been discovered it was not. There is absolutely no evidence or indication that any officer willfully or by subterfuge bypassed the presence of the appellant's counsel in order to obtain a confession or statement from the appellant.
The State proved beyond question that the appellant's confession and waiver of counsel were voluntary. Indeed, there is no testimony or evidence to dispute this conclusion. Indulging every reasonable presumption against waiver of the right to counsel, the only conclusion based upon the uncontradicted evidence is that the appellant voluntarily waived that right.
 II
The appellant contends that his confession should not have been admitted because Deputy Charles Perkins had no personal recollection of the circumstances involving the voluntariness of the confession.
The voluntariness predicate for the admission of the confession was presented through the testimony of Deputy Perkins. Perkins did testify that the only thing he could remember was "the statement" itself.[2] However Perkins also testified that he could "remember basically what the conversation was" and that his testimony was based on his "recollection" as opposed to his "habit" from testifying in other cases.
The rule is that "a witness may testify as to facts within his knowledge, although his recollection thereof is vague or imperfect". 97 C.J.S. Witnesses § 54 (1957).
 "The law does not require absolute or positive knowledge or perfect recollection in a witness. His knowledge is sufficient if he had an opportunity of personal observation and did get some impressions even if his recollection is faint."
* * * * * *
 "When it appears that the witness had an opportunity to observe the facts about which he offers to testify, and that his testimony signifies only imperfect observation or imperfect recollection, there is no valid objection to admitting the testimony."
 C. Gamble, McElroy's Alabama Evidence, § 115.01 (1) (3rd ed. 1977).
The fact that Deputy Perkins could not remember the appellant's manner of dress, what the appellant said word for word ("that's the reason I wrote the statement"); the weather; and certain other details of the day and time the appellant confessed goes to the weight and credibility to be given his testimony but not to its admissibility. Pond v. State, 55 Ala. 196 (1876);Brister v. State, 26 Ala. 107 (1855); Walker v. Blassingame,17 Ala. 810 (1850). His testimony reveals that he did in fact have a personal recollection of the circumstances involving the voluntariness of the confession.
Under the evidence, the State overcame the presumption of the involuntariness of the confession. The record justifies the conclusion of voluntariness made by the trial judge.
 III
The only evidence tending to connect the appellant with the robbery was the testimony of his accomplices and his own *Page 332 
confession. The testimony of an accomplice may be corroborated by the voluntary confession of the accused. Snoddy v. State,75 Ala. 23 (1883); Biddle v. State, 20 Ala. App. 49, 100 So. 572
(1924); Williams v. State, 52 Ala. App. 406, 293 So.2d 324
(1974). Therefore the appellant was not convicted upon the uncorroborated testimony of an accomplice.
We have searched the record and found no error prejudicial to the appellant. He received a fair trial and the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.
[1] "The Court of Appeals did not hold, nor do we, that under the circumstances of this case Williams could not, without notice to counsel, have waived his rights under the Sixth and Fourteenth Amendments. It only held, as do we, that he did not."
[2] "Q. But is it your testimony then though that the only thing that you can remember is the statement itself?
"A. Yes, sir, the statement itself."