HARRIS, Presiding Judge.
The appellant was indicted by a Walker County Grand Jury for unlawfully selling tablets containing methaqualone, a controlled substance. A Walker County Circuit Court jury convicted the appellant of violating Alabama’s Uniform Controlled Substances Act of 1971. The jury assessed a $25,000.00 fine against appellant and the trial court sentenced him to fifteen (15) years imprisonment.
This case arose out of an undercover operation conducted by United Narcotics Detail Operation, commonly known as UNDO, a combined undercover police investigation unit investigating drug violations. The unit in carrying out its investigative duties often relies on the help of anonymous informers. One such informer was utilized in the case at bar, and such use is the sole basis of appellant’s appeal.
The record shows that, on July 14, 1979, undercover agents Robert Lamm, Charles Jordan, George Howze, and Norman Harris drove to Godfrey’s Restaurant in Sumiton, Alabama, a small community located in Walker County. The officers were not in uniform but were dressed in street clothes, posing as men interested in buying drugs as part of the undercover operation.
Officers Lamm and Jordan entered the restaurant while Howze and Carson remained outside providing cover in case of an altercation. Lamm testified that, soon after he and Officer Jordan sat down, the defendant entered the restaurant, approached their table, and introduced himself as “Wayne”.
The man identifying himself as “Wayne” stated that he was “ready to do the deal.” Lamm and the person identifying himself as “Wayne” proceeded to a pay telephone in the restaurant, while the informer remained at the table, to call “Wayne’s” accomplice and some other undercover agents who were with the accomplice at the Passport Inn in Birmingham. “Wayne” was to call when the drug deal was completed in order for “Wayne’s” accomplice to receive payment for the drugs from the undercover officers in Birmingham.
Officer Jordan testified that, after the first phone call, Lamm, “Wayne”, and he walked outside to the restaurant parking lot where the actual drug transfer occurred. The record shows that the man identified as “Wayne” went to a 1978 Blazer vehicle, opened the rear of the Blazer and removed two pieces of luggage. He then opened the larger of the two pieces in which Officer Lamm observed a large quantity of white pills in plastic bags. Lamm then inspected the pills. The two men closed the luggage and carried it to the officers’ pickup truck. Importantly, the informer, who remained in the restaurant, did not witness the actual drug transaction in the parking lot.
After the drug transfer, the three men re-entered the restaurant. The man identifying himself as “Wayne” told Lamm that he did not have the agreed upon 50,000 pills, but only 40,000. Lamm and “Wayne”, out of the presence of the informer and Jordan, sat back down and re-figured the price for the drugs. The two men walked back to the pay phone and again called the accomplice and the undercover agents with him in Birmingham to relay the change in price. Lamm and Jordan shook hands with “Wayne” and left. They then carried the pills to the Jefferson County Sheriff’s Of *557 fice where a qualified criminologist with the Department of Toxicology discovered that the pills contained methaqualone, a controlled substance. The accomplice in Birmingham was immediately arrested and defendant Wayne Woods turned himself in a few weeks later.
During the course of the trial, the appellant attempted to elicit the identity of the informer, once by motion and once in the form of questioning which was objected to and the objection sustained. The appellant contends that the trial court committed reversible error in not forcing disclosure of the informant’s identity.
Both appellant and appellee cite the U.S. Supreme Court case Roviaro v. U.S., 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The Roviaro court, in establishing a guide .used to determine whether a government informer is privileged from testifying, held that the courts are to balance the public interest of protecting valuable sources of criminal information with the defendant’s right to a fair trial. The determination is to be made on a case-by-case basis depending on the particular facts and circumstances in each case.
The facts are not the same in the case at bar. The most significant difference between the two cases is the fact that the informer in the present case was not present at the drug transfer and thus did not witness the actual occurrence of the alleged crime. The State presented evidence that showed that the informer did not participate in the initial conversation between the officers and the man identified as “Wayne”, did not witness the actual crime being committed (the transfer of drugs in the parking lot of the restaurant), and was not present during the two phone calls made by Woods and Lamm to the accomplice in Birmingham.
A case cited by appellee, Kilgore v. State, 280 So.2d 206, 50 Ala.App. 501 (1973), is almost on point. In that case, an undercover agent accompanied by a female known only as “Betty” drove to a service station operated by the defendant. The defendant approached the car, was introduced by the informer and asked the agent what he needed. The agent asked the defendant if he had any “speed”, to which the defendant replied that he had some various illegal drugs and quoted the going price of the drugs. After these price negotiations the agent gave his order. The agent, leaving the informer behind, got out of the car and walked with the defendant into the service station. The actual drug exchange then occurred, out of the informer’s sight.
The court stated that the primary policy reasons in forcing disclosure arises in situations where the accused alleges that he was entrapped into committing the alleged crime. The court also stated that “fundamental requirements of fairness compels disclosure in such cases where the informer plays a major and active part in bringing about the sale of narcotics and continues an active participant therein.” Kilgore v. State, supra.
The court in Kilgore found that, because the defendant denied the drug transfer ever took place, the defense of entrapment was not available since the defense required that the defendant acknowledge the occurrence. Because the defendant did not properly raise a defense of entrapment, the major policy reason behind disclosure was absent. Therefore the court refused to force disclosure of the informant.
Appellant in the present case also did not affirmatively raise the defense of entrapment. Again, since the defense of entrapment was not raised, the primary policy reason in forcing disclosure was absent.
Also, as in Kilgore, the informer was not an active participant. The facts as to the informant in the present case are almost identical to the facts in Kilgore. As discussed above, and as in Kilgore, the informer in the present case did not witness any occurrence besides the initial negotiating, the most important fact considered by the court in Kilgore in denying disclosure. The informer in the present case did not even introduce the defendant to the undercover agent, unlike Kilgore.
*558 The appellant cites Davis v. State, 287 So.2d 243, 51 Ala.App. 532 (1973), and Turner v. State, 298 So.2d 45, 53 Ala.App. 114 (1974), as authority for its position that the informer’s identity should be disclosed. However, the two cases are distinguishable. In Turner, unlike the present case, the informer was not only present when the drugs were transferred, the informer also received part of the contraband. In Davis, a robbery case, the testifying officer was not a witness to the crime. He was informed of the robbery one month after its commission by an informer who was also an eyewitness. Also, unlike the present case, the arresting officer would not have been able to arrest the defendant without the informer’s accusations of defendant’s involvement. The most recent case decided by this court on informer disclosure is Self, alias v. State, Ala.Cr.App., [Ms. January 20, 1981] cert, pending. The court did find reversible error in the trial court’s nondisclosure of a government informer. However, as in Davis and unlike the present case, the informer was an active participant and eyewitness to the transaction.
The appellant, citing Davis and Turner, also contends that more than a question of the informer’s participation is involved. He argues that the present case raises an issue of identity of the man who introduced himself as “Wayne” to the undercover agents in the restaurant on the day of the drug transfer. Appellant further argues that the informer was the only witness who would properly identify the man calling himself “Wayne”.
The record does not support this contention. Officer Jordan testified that he had seen the defendant before the drug transfer and that he was the same person as the man who sold the drugs. Both Lamm and Jordan emphatically testified that the defendant in the courtroom was the same man who identified himself as “Wayne” in the drug transfer. In Davis, as stated above, the testifying officer was not even present at the occurrence of the crime and the victims of the robbery did not identify the defendant until after the informer had tipped off the officer. The defendant in Kilgore testified that he was not present at the time of the alleged crime, but, even though the informer was present when the undercover agent met the defendant, this court refused to force disclosure.
The appellant emphasizes the fact that Officer Jordan followed defendant’s Blazer in order to arrest the defendant, but that the defendant was not the driver of the Blazer. Appellant contends that this was a mistaken identity and cast a doubt on Jordan’s identification of Woods as the man who transferred the drugs. This contention has little merit. The record established that Jordan never personally attempted to arrest the driver, but began following the vehicle at a distance of two hundred yards. It is not unreasonable that Jordan would not be able to recognize anyone driving the Blazer from this distance. Jordan also indicated that, seeing the defendant’s Blazer, not seeing someone he thought was the defendant, was the reason for following the vehicle in order to make an arrest.
In light of the fact that the issue of forcing informer disclosure is a case-by-ease determination dependent on the facts of each case, and in light of the facts in the present case, the trial court did not commit reversible error in denying appellant’s motion to force disclosure of the informer. McDaniel v. State, Ala.Cr.App., 389 So.2d 524, cert. denied, Ala., 389 So.2d 527 (1980).
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.