TYSON, Judge.
Tommy J. Harris was indicted, tried, and convicted of the April 24, 1981, first degree robbery of the Cannon Oil station on Perry Hill Road in Montgomery. He was sentenced to eleven years’ imprisonment. From that conviction he now appeals in forma pauperis.
Mr. Leroy McBride testified that on the evening of April 24, 1981, he was employed as the night attendant at the Cannon Oil service station on Perry Hill Road in Montgomery. He stated that during the latter part of the evening two black males approached the office. One drew an automatic pistol of unknown caliber, pointed it at his face and demanded the station’s money. The robbers handed him a brown paper bag into which he placed over $100. The robbers then sprayed Mace into his eyes and fled heading toward a nearby apartment complex. McBride did not identify appellant as one of the robbers.
Victor Adams, an indicted co-defendant who pled guilty to the instant offense, testified that on April 24, he saw appellant and Horace and Johnny Flowers at a local Montgomery lounge. After talking for a while, the four got into appellant’s car and drove to Spanish Gardens apartments, an apartment complex about fifty yards from the Cannon station. Adams testified that appellant parked the car and remained in it with him while the Flowers brothers exited and headed toward the station. Adams *814 stated that they were going to “rob somebody.” (R. 34) They carried with them a gun, can of Mace, brown bag, and an army coat. He testified that appellant and the Flowers planned the robbery.
Claiming surprise due to Adams’ negative response, the State proved, through a prior statement, that Adams had stated that the gun and Mace belonged to appellant. At trial, Adams explained that he assumed they belonged to appellant because they were removed from the glove compartment.
After returning to the car, Adams heard Johnny Flowers state that he had dropped the holster to the gun to which appellant replied, “Don’t worry about it, it won’t matter.” (R. 42) Appellant then drove away. The four later divided the money equally.
At the time of appellant’s trial, Adams had been sentenced for the instant offense.
Montgomery police investigator R.H. Houlton [1] testified that he investigated the instant incident and arrested appellant, Adams, and the Flowers. At police headquarters, he advised appellant of his Miranda rights which fully appear in the record. A proper voluntariness predicate was laid. Houlton stated that appellant refused to sign a written waiver of rights form but made an oral statement to him and Investigator T.H. Roper. Appellant stated that “he was involved in this robbery but . . . did not want to tell us anything at the time until he talked to his parents.” (R. 50)
The testimony of Investigator T.H. Roper of the Montgomery Police Department was in substance the same as that of Houlton. He testified that he remembered appellant stating “that he was involved in a robbery and other robberies, but that he did not want to make a signed statement or in writing at that time.” (R. 55)
Roper’s testimony concluded presentation of the State’s case.
I
Appellant contends that the trial court erred in denying his motion to suppress his oral statement on the ground “[t]hat the statement was attained in a manner contrary to the Constitution of the United States and the State of Alabama and the laws promulgated under or pertaining thereto.” (R. 141)
A pre-trial suppression hearing was held where Investigator Houlton testified that appellant made an oral statement at police headquarters after he had been arrested. Prior to making the statement, Investigator Houlton read appellant his Miranda rights from a rights and waiver form. Appellant stipulated that he was advised of his rights, but refused to sign the waiver form. Investigator Houlton testified that no one threatened, coerced, or induced appellant or promised him any benefit to make his statement. He testified that appellant stated that he understood his rights but did not want to sign anything.
Several minutes after being advised of his rights, appellant made an oral statement to Investigator Houlton. Appellant stated “. . . that he did commit the robbery we were investigating and he had committed other robberies in several counties in Alabama, but he did not want to give us any written statement until such time as he could talk to his parents.” (R. 6)
Appellant testified that he was not advised of his right to an attorney and denied telling Investigator Houlton that he understood his rights. He denied making the above statement.
When the evidence on the circumstances surrounding a confession is conflicting on voir dire, the trial judge must determine its admissibility. If admitted, the controverted testimony for the accused goes to the jury on the confession’s credibility. The trial judge need only be convinced from a preponderance of the evidence to find a confession or inculpatory statement to have been voluntarily made. The totality of the circumstances determines whether the ac *815 cused has knowingly and intelligently waived his rights to assistance of counsel and to remain silent. Where the trial judge finds on conflicting evidence that the confession was voluntarily made, its finding will not be disturbed on appeal unless found to be palpably contrary to the weight of the evidence. A voluntariness predicate laid by the State is sufficient to establish prima facie that a confession was voluntarily made. Myers v. State, 401 So.2d 288 (Ala.Cr.App.1981); Simpson v. State, 401 So.2d 263 (Ala.Cr.App.), cert. denied, 401 So.2d 265 (Ala.1981); and cases cited therein.
At the outset, we note that the instant case is not affected by the rule announced in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), as the facts do not support any claim whatsoever that appellant requested assistance of counsel prior to making his oral statement. See also, Hardy v. State, 409 So.2d 996 (Ala.Cr.App.1982); Warrick v. State, 409 So.2d 984 (Ala.Cr.App.1982).
In discussing waiver of the Miranda rights, the United States Supreme Court, in North Carolina v. Butler, 441 U.S. 369, 373-76, 99 S.Ct. 1755, 1757-59, 60 L.Ed.2d 286 (1979), stated:
“An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case. As was unequivocally said in Miranda, mere silence is not enough. That does not mean that the defendant’s silence, coupled with an understanding of his rights and a course of conduct indicating waiver, may never support a conclusion that a defendant has waived his rights. The courts must presume that a defendant did not waive his rights; the prosecution’s burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.

“. . . Ten of the eleven United States Courts of Appeals and the courts of at least 17 States have held that an explicit statement of waiver is not invariably necessary to support a finding that the defendant waived the right to remain silent or the right to counsel guaranteed by the Miranda case.”[2] (Footnotes omitted; footnote added).
See also Atchley v. State, 393 So.2d 1034 (Ala.Cr.App.1981); Love v. State, 372 So.2d 414 (Ala.Cr.App.1979).
In the instant case, after appellant was advised of his Miranda rights, he simply refused to sign a waiver of rights form. Appellant did not at any time refuse to talk to the investigator but just refused to sign the form. The record is unclear as to whether the investigator questioned appellant after his refusal to sign or whether his oral statement was spontaneous.
It does not appear that appellant was attempting to exercise his Miranda rights by refusing to sign the waiver form, but was simply refusing to sign. We find no error in admitting his statement into evidence. Proctor v. State, 391 So.2d 1092 (Ala.Cr.App.1980); See also Hewitt v. State, 389 So.2d 157 (Ala.Cr.App.1980); Love, supra; Waters v. State, 360 So.2d 358 (Ala.Cr.App.), cert. denied, 360 So.2d 367 (Ala.1978).
II
Appellant contends that the trial court erred in denying his motion for a mistrial.
Appellant made his motion after the testimony of Investigator Roper during which he related appellant’s oral statement that appellant told them “... that he was involved in a robbery and other robberies, but that he did not want to make a signed statement or in writing at that time.” (R. 55) (Emphasis added)
*816 Appellant argues that the above emphasized portion of Investigator Roper’s testimony violated the provisions of his pre-trial motion in limine. The motion requested the trial court to prohibit the State from eliciting testimony of:
“1. Any crimes that the Defendant has been charged with but not convicted of;
“2. Any crimes that the Defendant has been charged and convicted of, but which do not involve moral turpitude;
“3. Any crimes that the Defendant has been charged and convicted of in a municipal or city court or court of like jurisdiction involving municipal violations even though it may involve moral turpitude.” (Emphasis added). (R. 143)
Careful scrutiny of the record does not reveal: (1) when the motion was filed, although it was served upon the State on the first day of trial, (2) whether it was ever brought to the attention of the trial judge, or (3) that it was ever ruled on. However, in brief appellant asserts that the trial court granted the motion, but failed to indicate such. Appellant’s brief at page 21. Appellant filed no motion under A.R.A.P. 10(f) to correct the record.
Appellant bears the burden of bringing the record before an appellate court. Miller v. State, 405 So.2d 41 (Ala.Cr.App.1981). He and his counsel have the duty of checking the record before submitting the appeal. It is their duty to file a correct record. Weaver v. State, 401 So.2d 344 (Ala.Cr.App.1981); Pope v. State, 387 So.2d 300 (Ala.Cr.App.1980). This court is bound by the record and not by allegations or arguments in brief reciting matters not disclosed by the record. Vincent v. State, 399 So.2d 923 (Ala.Cr.App.1981); Conner v. State, 382 So.2d 601 (Ala.Cr.App.1979), cert. denied, 382 So.2d 605 (Ala.1980).
Review on appeal is limited to matters on which rulings are invoked at the trial court. Parker v. State, 406 So.2d 1036 (Ala.Cr.App.), cert. denied, 406 So.2d 1041 (Ala.1981); Carroll v. State, 405 So.2d 163 (Ala.Cr.App.1981); Murphy v. State, 403 So.2d 314 (Ala.Cr.App.), cert. denied, 403 So.2d 316 (Ala.1981); Boykin v. State, 398 So.2d 766 (Ala.Cr.App.), cert. denied, 398 So.2d 771 (Ala.1981); Seay v. State, 390 So.2d 7 (Ala.Cr.App.1979), rev’d on other grounds, 390 So.2d 11 (Ala.1980).
For aught that appears, there was no ruling on appellant’s motion in limine. All the record discloses are the bare allegations of counsel without any support from the record. Upon such a basis, this court has nothing to review. Furthermore, no objection was made at trial and thus, nothing preserved in this manner. Stewart v. State, 398 So.2d 369, cert. denied, 398 So.2d 376 (Ala.1981); Travis v. State, 397 So.2d 256 (Ala.Cr.App.), cert. denied, 397 So.2d 265 (Ala.1981); Starley v. City of Birmingham, 377 So.2d 1131 (Ala.Cr.App.), cert. denied, 377 So.2d 1134 (Ala.1979); Gould v. City of Birmingham, 375 So.2d 1296 (Ala.Cr.App.1979).
Assuming arguendo, that the record properly reflected the trial court’s favorable ruling on appellant’s motion, the testimony of Investigator Roper quoted above does not fall within the categories of evidence appellant sought to prohibit from introduction. The motion was directed to excluding evidence of any other crimes with which appellant was charged. It is clear that Investigator Roper’s testimony could not be excluded solely on that basis. Blaylock v. State, 411 So.2d 1299 (Ala.Cr.App.1982).
Based upon the foregoing, we find no error in denying the appellant’s motion for a mistrial.
Ill
Appellant challenges the sufficiency of the State’s evidence contending that he was convicted upon the uncorroborated testimony of an accomplice.
Though the State does not concede that Adams was an accomplice to the robbery, we find as a matter of law that he was. He freely admitted his guilt through his plea of guilty and voluntarily testified to his participation in the robbery. The question of whether Adams is an accomplice is not one of disputed fact. Yarber v. *817 State, 375 So.2d 1229 (Ala.1978); Washington v. State, 401 So.2d 236 (Ala.Cr.App.), cert. denied, 401 So.2d 241 (Ala.1981); Jacks v. State, 364 So.2d 397 (Ala.Cr.App.), cert. denied, 364 So.2d 406 (Ala.1978).
Having found that Adams was an accomplice as a matter of law, we find the oral statement of appellant sufficient corroborative evidence of Adams’ testimony and, thus, tending to connect appellant with the crime.
“The corroboration of an accomplice must tend to connect the accused with the commission of the crime but need not refer to any statement or fact testified to by the accomplice. ‘Corroborate means to strengthen, to make stronger; to strengthen, not the proof of any particular fact to which the witness has testified, but to strengthen the probative, criminat-ing force of his testimony.’ . . . The corroborative evidence need not be strong, nor sufficient of itself to support a conviction, the criterion being that it legitimately tend to connect the accused with the offense. . . . Corroborative evidence need not directly confirm any particular fact nor go to every material fact stated by the accomplice.... Corroborative evidence need not directly connect the accused with the offense but need only tend to do so. . . . (‘(B)ut, as we read the cases, the corroboratory evidence, if it meets the test of “tending to connect the defendant with the commission of the offense”, need not be, in- and of itself alone, that tending in any wise to fasten guilt upon the defendant’); 23 C.J.S. Criminal Law § 812(3) (1961). The sufficiency of corroborating evidence is established if its probative value tends to connect the defendant with the commission of the crime.... The corroboration of an accomplice may be shown by circumstantial evidence.” (Citations omitted) State v. Andrews, 370 So.2d 320, 322 (Ala.Cr.App.), cert. denied, 370 So.2d 323 (Ala.1979).
Corroborative evidence must be of a substantive nature, must be inconsistent with the innocence of the accused and must do more than raise a suspicion of guilt. McCoy v. State, 397 So.2d 577 (Ala.Cr.App.), cert. denied, 397 So.2d 589 (Ala.1981). The corroboration need only be slight to suffice. Ingle v. State, 400 So.2d 938 (Ala.Cr.App.1981).
The formula applied to the corroboration statute, Ala.Code § 12-21—222 (1975), requires that the evidence of the accomplice must first be “eliminated” and then, if upon review of all other evidence before the trial court at the time of the motion to exclude, there is found to be sufficient incriminating evidence which would tend to connect the accused with the crime, sufficient corroboration exists. Ware v. State, 409 So.2d 886 (Ala.Cr.App.1981), cert. denied, 409 So.2d 893 (Ala.1982); Mills v. State, 408 So.2d 187 (Ala.Cr.App.1981); McCoy, supra; Staton v. State, 397 So.2d 227 (Ala.Cr.App.), cert. denied, 397 So.2d 232 (Ala.1981).
A voluntary confession or an incriminating statement of an accused is sufficient corroboration of an accomplice’s testimony for purposes of § 12-21—222, supra. Mathis v. State, 414 So.2d 151 (Ala.Cr.App.1982); Tinsley v. State, 395 So.2d 1069 (Ala.Cr.App.1980), cert. denied, 395 So.2d 1080 (Ala.1981); Craig v. State, 376 So.2d 803 (Ala.Cr.App.), cert. denied, 376 So.2d 807 (Ala.1979); Alexander v. State, 370 So.2d 330 (Ala.Cr.App.), cert. denied, 370 So.2d 332 (Ala.1979); Jacks, supra; Williams v. State, 52 Ala.App. 406, 293 So.2d 324 (1974); See generally Early v. State, 392 So.2d 548 (Ala.Cr.App.1980), cert. denied, 392 So.2d 551 (Ala.1981); Keller v. State, 380 So.2d 926 (Ala.Cr.App.1979), cert. denied, 380 So.2d 938 (Ala.1980).
Based upon the foregoing authorities, we find that appellant’s oral statement was, in itself, sufficient corroborative evidence to properly connect him with the crime. Consequently, we find the State’s evidence was sufficient for the jury to have reasonably found appellant guilty of the instant offense. Ala.Code § 13A-8-41 (Amended 1977). Thus, the trial court properly denied appellant’s motion to exclude.
*818 We have reviewed appellant’s contentions on appeal and find no error. This cause is affirmed.
AFFIRMED.
All the Judges concur.

. Spelled “R.H. Holton” at a pre-trial suppression hearing, but referring to the same individual.

. Alabama is one of the above States. See Sullivan v. State, 351 So.2d 659 (Ala.Cr.App.), cert. denied, 351 So.2d 665 (Ala.1977).